

**RECEIVED**

**OCT - 4 2005**

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CHAD WESTON** | **CIVIL ACTION NO. 04-0664** |
| VS. | |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE METHVIN BY CONSENT OF THE PARTIES** |

## RULING ON MOTION FOR ATTORNEY FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT
*(Rec. Doc. 17)*

Before the court is the Motion for Attorney Fees and Pursuant to the Equal Access to Justice Act ("EAJA") filed by plaintiff, Chad Weston ("Weston").[1] The motion is unopposed.

Weston seeks an attorney's fees award of $2,062.50 (16.5 hours at the rate of $125.00 per hour). In support of this request, Weston's counsel, George Stubbs Bourgeois, Jr., submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task.

### *Background*

On January 15, 1998, Weston applied for SSI benefits, alleging disability beginning August 1, 1994 due to allergies, nosebleeds, back pain, and deformity of his right hand and leg.[2] Following an administrative hearing, the ALJ issued an unfavorable decision and a request for review was denied by the Appeals Council.

---

[1] The motion was filed prematurely and consideration of the motion was continued to allow for the delays to run. *See* Rec. Doc. 19.

[2] Tr. 85-87, 194-215.

On March 16, 2004, Weston filed a complaint for judicial review with this Court. On June 24, 2005, the undersigned magistrate judge entered Judgment reversing the Commissioner's decision and awarded benefits.[3]

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). A party who wins a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); Breaux v. United States Department of Health and Human Services, 20 F.3d 1324 (5th Cir. 1994). Since Weston is a prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number

---

[3] Rec. Doc. 16.

of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at 192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v.

Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

### *Reasonable Rate and Hours Expended*

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area is $100.00 and $125.00. Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000) ($100); Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883 (June 29, 1999) ($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220 (June 2, 1999) ($100); Rhonda G. Huval v.Commissioner of Social Security, No. 99-1056 ($125). I conclude that $125.00 per hour is an appropriate hourly fee.

Counsel for plaintiff itemizes 16.5 hours he spent on the case. These hours are undisputed and I find that the time expended is reasonable.

### *Johnson Analysis*

The next step requires that the court analyze the twelve Johnson factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies in this case follow: (1) Time and labor involved: the lodestar adequately compensates time and labor involved; (2) Novelty and difficulty of the questions: the issues in this case have been previously addressed by this court; (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case

competently; (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases; (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case; (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment;[4] (7) Time limitations: no evidence was adduced on this point;[5] (8) The time involved and the results obtained: this matter was resolved approximately one-year after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771; (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor; (10) The undesirability of the case: no evidence was adduced on this point; (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point; (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

**IT IS THEREFORE ORDERED** that the Motion for Attorney's Fees is **GRANTED.**

---

[4]In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

**IT IS FURTHER ORDERED** that the sum of $2,062.50 is awarded to Weston as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to George Stubbs Bourgeois, Jr. in the amount of $2,062.50 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana on October 4th, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155